IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 11-cv-02152-LTB

JILL A. SCHOOLAR,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

_____

ORDER

_____

      Plaintiff Jill Schoolar appeals Defendant's (the "Commissioner") final administrative

decision denying her claim for disability insurance benefits and supplemental security income

under Titles II and XVI of the Social Security Act (the "Act").  Jurisdiction in this appeal is

proper pursuant to 42 U.S.C. § 405(g).  Oral argument would not materially assist in the

determination of this appeal.  After consideration of the briefs and the record, I affirm the

Commissioner's decision.

## I.  Statement of the Case

      A hearing on Plaintiff's claim was held before an administrative law judge (the "ALJ")

on May 18, 2010.  On June 28, 2010, the ALJ issued a decision finding that Plaintiff was not

disabled within the meaning of the Act.  The Appeals Council denied Plaintiff's request for

review thereby rendering the ALJ's June 28, 2010 decision the Commissioner's final decision

for purposes of my review.  Plaintiff timely filed this appeal seeking review of the

Commissioner's final decision.

## II.  Statement of Facts

**A. Background**

Plaintiff's date of birth is August 29, 1953, making her 53 years old at the time her alleged disability onset date. Administrative Record ("AR") 24. Plaintiff has a high school education and has worked in the past as an administrative assistant, telemarketer, and contractor administrator. *Id.* Plaintiff alleges that she became disabled on May 16, 2007 as a result of depression, anxiety, panic attacks, and bipolar disorder. AR 155.

Plaintiff received mental health treatment from Spanish Peaks Mental Health Center for several years. AR 204-58 & 369-93. In April of 2010, Veronica Sandoval, a mental health nurse practitioner, and W. Lee McNabb, M.D., of Spanish Peaks, completed a RFC Evaluation (Mental) for Plaintiff which stated that she suffered from slight or moderate impairments on all listed categories since January 11, 2005. AR 410-12. Areas in which Plaintiff's impairments were characterized as moderate include the ability to understand and remember very short and simple instructions; the ability to maintain attention and concentration for extended periods; and the ability to make simple, work-related decisions. AR 411. Prior to the issuance of the ALJ's June 28, 2010 decision, Ms. Sandoval and Dr. McNabb provided a supplemental opinion that Plaintiff's moderate impairments were closer to marked than mild in severity. AR 413.

Plaintiff underwent two consultative examinations in connection with her applications for benefits. The first consultative examination was performed on August 23, 2008 by Shauna Grace, M.D. Dr. Grace diagnosed Plaintiff as bipolar with depression, anxiety, osteoarthritis of the back, lower back pain, and neck pain. AR 312. Dr. Grace noted that an MRI from January of 2008 showed a disk bulge at L4-L5 which was not causing significant stenosis, osteoarthritis in the lower back, and lumbar scoliosis and that Plaintiff reported experiencing back pain lasting

3-4 days about once a month that rendered her unable to bend or pick objects up off the floor. AR 309.  Dr. Grace further noted that Plaintiff indicated that her neck pain did not impair her ability to work in any way and that Plaintiff was able to perform all activities of daily living.  AR 310.  Dr. Grace opined that Plaintiff could stand and walk without difficulty for 6 hours during the course of a day with routine breaks; sit comfortably with no obvious limitations; lift 50 pounds occasionally and 25 pounds frequently; and that Plaintiff had a full range of motion and no manipulative limitations but was unable to bend, stoop, or pick objects off the floor without difficulty.  AR 312-13.

Plaintiff's psychiatric consultative examination was performed on August 27, 2008 by Brett Valette, Ph.D.  During this examination, Dr. Valette reports that Plaintiff told him she was not able to work "because of anxiety and depression, concentration problems."  AR 315.  Dr. Valette diagnosed Plaintiff with major depression, a generalized anxiety disorder, and PTSD and noted that she had good short-term memory, an average general fund of information, and adequate judgment and reasoning.  AR 317.  Dr. Valette ascribed Plaintiff a GAF score of 60-65. *Id.*

On September 16, 2008, Alan Ketelhohn, M.D. completed a Physical Residual Functional Capacity ("RFC") Assessment for Plaintiff and opined that she could lift 50 pounds occasionally and 25 pounds frequently; sit, stand and/or walk 6 hours in an 8-hour workday; and had no other limitations.  AR 311-28.  Dr. Ketelhohn indicated that he gave no weight to Dr. Grace's opinion that Plaintiff was unable to bend, stoop, or pick objects off the floor without difficulty because this opinion was not well supported by Dr. Grace's examination findings that Plaintiff had "normal gait, full back motion, no mention of spasms[,] ... full strength[,] and

negative neuro."  AR 327.

**B.  Plaintiff's Disability Hearing**

At the May 18, 2010, hearing, the ALJ asked the vocational expert ("VE"), if an individual of the same age and education as Plaintiff who could lift or carry up to 50 pounds occasionally and 25 pounds frequently; stand, walk, and/or sit with normal breaks for 6 hours in an 8 hour workday; who was restricted to simple work with GED levels of no more than 2 in reasoning, 2 in math, and 2 in language; who should not have frequent or prolonged contact with supervisors or co-workers and no contact with the general public, and who was limited to work involving only low-stress activities could perform any of Plaintiff's prior work.  AR 39.  The VE responded no but opined that such a person could work as a window cleaner, floor waxer, or janitor.  *Id.*

Counsel for Plaintiff then asked the VE if an individual with all of the moderate impairments identified by Ms. Sandoval and Dr. McNabb would be able to perform Plaintiff's past work or any other work existing in substantial numbers in the national economy.  AR 40-1. The VE responded no to both questions.  AR 41.  Upon further questioning by the ALJ, the VE explained that she was not considering whether the identified moderate impairments were "moderate slight" or "moderate marked" and that she was defining "moderate" as more than a slight limitation in the relevant area but the individual was still able to function satisfactorily. AR 42.

**C.  The ALJ's Decision**

In his ruling, the ALJ applied the five-step sequential process outlined in 20 C.F.R. § 416.920(a).  At the first step of the sequential process, the ALJ determined that Plaintiff had not

engaged in substantial gainful activity since her alleged disability onset date of May 16, 2007.

AR 13.  At the second step, the ALJ determined that Plaintiff had severe impairments of

osteoarthritis of the lumbar spine; bipolar disorder; generalized anxiety disorder; and a history of

alcoholism and polysubstance abuse.  *Id.*  At the third step, the ALJ determined that Plaintiff did

not have an impairment or a combination of impairments that met or medically equaled one of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*

At the fourth step of the sequential process, the ALJ determined Plaintiff had the RFC "to

perform medium work ..., including the ability to lift 50 pounds occasionally and 25 pounds

frequently, and to stand, walk, and sit for 6 hours each in an 8-hour workday with normal breaks,

except [Plaintiff] is limited to simple work involving low stress, with GED levels of 2 in

Reasoning, 2 in Math, and 2 in Language, involving no frequent or prolonged contact with

supervisors or co-workers, and no contact with the general public."  AR 15.

After concluding that Plaintiff was unable to perform any past relevant work, AR 24, the

ALJ proceeded to the fifth step of the sequential process and concluded that there were a

significant number of jobs in the national economy that Plaintiff was capable of performing.  AR

25.  Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act.  *Id.*

### III.  Standard of Review

In reviewing the Commissioner's decision,  I must determine whether substantial

evidence in the record as a whole supports the factual findings and whether the correct legal

standards were applied.  *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028

(10th Cir. 1992); *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1497-98

(10th Cir. 1992).  Substantial evidence is "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Hamilton, supra,* 961 F.2d at 1498.  I "may neither reweigh the evidence nor substitute [my] discretion for that of the Administrative Law Judge." *Kelley v. Chater,* 62 F.3d 335, 337 (10th Cir. 1995).  Where evidence as a whole can support either the Commissioner's decision or an award of benefits, the Commissioner's decision must be affirmed.  *See Ellison v. Sullivan,* 99 F.2d 534, 536 (10th Cir. 1990).

## IV.  Analysis

Plaintiff raises six issues on appeal: (1) whether the ALJ properly assessed Plaintiff's mental RFC; (2) whether the ALJ properly assessed Plaintiff's physical RFC; (3) whether the ALJ properly assessed Plaintiff's postural limitations; (4) whether the ALJ properly weighed the opinions of Dr. McNabb; (5) whether the ALJ properly weighed the opinions of Ms. Sandoval; and (6) whether the ALJ properly assessed the significance of Plaintiff's moderate mental impairments.

## A.  The ALJ's Assessment of Plaintiff's Mental RFC

The ALJ concluded that Plaintiff's mental impairments limited her to "simple work involving low stress, with GED levels of 2 in Reasoning, 2 in Math, and 2 in Language, involving no frequent or prolonged contact with supervisors or co-workers, and no contact with the general public."  AR 15.  Plaintiff argues that the ALJ did not properly explain the evidentiary basis for this conclusion.  I disagree.  The ALJ devoted approximately 6 pages of his decision to a discussion of Plaintiff's mental impairments which included Plaintiff's treatment records from Spanish Peaks; her social and daily living activities; and the medical opinions in the record.  AR 17 - 23.

As to whether the ALJ's assessment of Plaintiff's mental RFC is supported by substantial

evidence in the record, Plaintiff argues that there is no medical opinion setting forth the

limitations found by the ALJ.  While it is true that there is no medical opinion specifically setting

forth the limitations assessed by the ALJ, the medical opinions of record do not indicate that the

ALJ's assessment was in error.  To the contrary, it would have been consistent with the medical

opinions and other evidence of record if the ALJ had not assessed any mental limitations for

Plaintiff.  In particular, even Ms. Sandoval and Dr. McNabb, who rendered the opinion regarding

Plaintiff's mental impairments that was most favorable to her, only assessed slight to moderate

impairments which indicate that plaintiff is still able to function within customary standards, and

there was substantial evidence that Plaintiff was able to engage in a wide range of social and

daily living activities despite her mental health issues.  AR 20-1, 35 & 410-12.  Although Ms.

Sandoval and Dr. McNabb subsequent opined without explanation  that Plaintiff's mental

impairments were closer to marked than mild in severity, this fact does not alter my conclusion

that the ALJ did not err in his assessment of Plaintiff's mental RFC.

**B.  The ALJ's Assessment of Plaintiff's Physical RFC**

The ALJ concluded that Plaintiff had the ability "to perform medium work ..., including

the ability to lift 50 pounds occasionally and 25 pounds frequently, and to stand, walk, and sit for

6 hours each in an 8-hour workday with normal breaks."  AR 15.  Plaintiff argues that this

conclusion was in error because it does not take into account the ALJ's conclusion that

Plaintiff's osteoarthritis of the lumbar spine was a severe impairment.  I disagree.

As noted by the Commissioner, the ALJ imposed physical limitations on Plaintiff by

limiting her to medium work.  Plaintiff has failed to establish that ALJ's finding that Plaintiff

suffered from a severe impairment of osteoarthritis of the lumbar spine at step 2 of the sequential

process dictated a finding of stricter physical limitations, and the ALJ's failure to incorporate stricter limitations is supported by substantial evidence in the record including the opinions and observations of Dr. Grace, Plaintiff's own statements (AR 315), and Plaintiff's social and daily living activities.  I therefore conclude that the ALJ did not err in his assessment of Plaintiff's physical RFC exclusive of postural limitations which Plaintiff raises as a separate issue.

**C.  The ALJ's Failure to Incorporate Postural Limitations into Plaintiff's RFC**

The ALJ attached "great weight" to the opinions of Dr. Grace except for her opinion that Plaintiff has postural limitations.  AR 21.  The ALJ rejected Dr. Grace's opinion that Plaintiff is unable to bend, stoop, or pick objects off the floor without difficulty on the basis that this opinion  was based solely on Plaintiff's subjective reporting that she had difficulty performing these tasks.  *Id.*  The ALJ also noted that Dr. Ketelhohn had likewise rejected Dr. Grace's opinion that Plaintiff had postural limitations.  *Id.*

Plaintiff first argues that the ALJ's rejection of the postural limitations assessed by Dr. Grace was improper because the record does not support the ALJ's conclusion that this opinion was based solely on Plaintiff's subjective complaints.  While Dr. Grace did not expressly state that Plaintiff's subjective complaints were the sole basis for her opinion regarding Plaintiff's ability to bend, stoop, and pick objects off the floor, her report does not set forth any other basis for this opinion.  In fact, Dr. Grace's examination of Plaintiff revealed that Plaintiff had a normal gait, full range of motion, no muscle spasms, full strength, and normal neurological responses.  AR 311-12.  In the absence of evidence other than Plaintiff's subjective complaints to support the postural limitations assessed by Dr. Grace, it was proper for the ALJ's to discount this opinion since he found Plaintiff not to be fully credible based on the medical evidence and

Plaintiff's active and social lifestyle. *See White v. Barnhart,* 287 F.3d 903, 909-10 (10th Cir.

2001) (ALJ did not err in discounting claimant's subjective complaints of pain based on his well-

supported negative credibility assessment). *See also* AR 23- 4.

Plaintiff also argues that the ALJ's failed to properly weigh the opinions of Drs. Grace

and Ketelhohn in not ascribing any postural limitations to Plaintiff.  First, Plaintiff attempts to

demonstrate an inconsistency with the ALJ's determination that the opinions of both doctors

were entitled to great weight and were well supported by the record.  This argument ignores the

ALJ's express qualification that he was not giving great weight to Dr. Grace's opinion that

Plaintiff had postural limitations.  AR 21.

Next, Plaintiff argues that the ALJ did not properly weigh the factors now set forth in 20

C.F.R. § 404.1527(c) and previously set forth in 20 C.F.R. § 404.1527(d).  In particular, Plaintiff

argues that the ALJ failed to explain the significance of the fact that Dr. Grace actually examined

Plaintiff while Dr. Ketelhorn did not.  While the examining relationship is one factor to be

considered in weighing medical opinions, the ALJ was not required to expressly apply each of

the factors enumerated in 20 C.F.R. § 404.1527(c) in deciding what weight to give the opinions

of Drs. Grace and Ketelhohn so long as the reasons for the ascribed weight  are clear.  *Oldham v.

Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007).  Here, the ALJ acknowledged that Dr. Grace had

examined Plaintiff on one occasion and that Dr. Ketelhohn had not but gave greater weight to

Dr. Ketelhohn's opinion regarding Plaintiff's postural limitations because it was consistent with

the record as a whole including Dr. Grace's treatment notes and Plaintiff's social and daily living

activities.  This conclusion is supported by substantial evidence in the record, and no further

analysis under 20 C.F.R. § 404.1527(c) is required.

In sum, Plaintiff's arguments are without merit, and the ALJ did not err in failing to incorporate postural limitations into Plaintiff's RFC.

**D.  The Weight Given Dr. McNabb's Opinions**

The ALJ noted that Dr. McNabb signed off on the April 2010 mental health RFC assessment along with Ms. Sandoval but did not appear to have ever treated or met Plaintiff.  AR 22.  The ALJ proceeded to give no weight to Ms. Sandoval's opinions regarding Plaintiff's impairments as reflected on the April 2010 mental health RFC assessment.  *Id.*  The ALJ also noted that Dr. McNabb completed a Med-9 Form in November of 2007 but gave no weight to his conclusion that Plaintiff was disabled because that determination was reserved for the Commissioner; a different statutory provision was at issue; there was no supporting objective or clinical evidence; and Dr. McNabb had no treating relationship with Plaintiff.  AR 22-3.

Plaintiff argues that the ALJ failed to weigh Dr. McNabb's opinions regarding her mental RFC.  I disagree.  While the ALJ's decision does not expressly state that he gave no weight to Dr. McNabb's opinions regarding Plaintiff's mental RFC, it is apparent that this is the case from the ALJ's rejection of Ms. Sandoval's opinions which were verified by Dr. McNabb.  It is also apparent that the ALJ elected not to give any weight to Dr. McNabb's opinions because there was no examining or treating relationship and no supporting evidence.  These are appropriate factors to consider under 20 C.F.R. §1527(c), and the ALJ did not err in his analysis of Dr. McNabb's opinions.

**E.  The Weight Given Ms. Sandoval's Opinions**

The ALJ gave no weight to the opinions of Ms. Sandoval regarding Plaintiff's mental impairments because the ALJ found that she provided no narrative explanation for the

impairments she assessed; relied heavily and uncritically on Plaintiff's subjective reporting; and lacked objective or clinical support for her findings.  AR 22.   Plaintiff first argues that the ALJ erred in giving Ms. Sandoval's opinions no weight in light of the factors set forth in 20 C.F.R. § 404.1527(d).  I disagree.

The parties agree that Ms. Sandoval is to be treated as an "other source" rather than an "acceptable medical source."  As such, there is no express requirement that the ALJ apply the factors set forth 20 C.F.R. § 404.1527(c) in weighing  her opinions though the same basic principles are applicable.  SSR 06-03P, 2006 WL 2329939 at *4.  In any case, the ALJ applied some of the 20 C.F.R. § 404.1527(c) in assigning no weight to Ms. Sandoval's opinions. Specifically, the ALJ considered the lack of supportability, or explanation, for Ms. Sandoval's opinions regarding Plaintiff's limitations and the inconsistency between these opinions and other evidence in the record including Plaintiff's treatment notes and Dr. Valette's examination findings.  AR 22.  *See also* 20 C.F.R. § 404.1527(c)(3) & (4).  Although Plaintiff emphasizes other 20 C.F.R. § 404.1527(c) factors to demonstrate that the ALJ erred in giving Ms. Sandoval's opinions no weight, there is no requirement that the ALJ expressly apply each of these factors and no set formula for how they are to be balanced.  *See Oldham, supra.*

Plaintiff next argues that the ALJ erred with respect to each of the reasons he gave for rejecting Ms. Sandoval's opinions, *ie.* Ms. Sandoval's use of a "check the box" type form for her assessment of Plaintiff's mental impairments, Ms. Sandoval's reliance on Plaintiff's subjective complaints, and the lack of objective or clinical support for Ms. Sandoval's  findings.  Again, I disagree.

Ms. Sandoval's use of a "check the box" form was relevant to the ALJ's proper

consideration of the supportability of her opinions regarding Plaintiff's mental impairments.  20 C.F.R. § 404.1527(c) (3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion.").  Furthermore, in discounting Ms. Sanodoval's opinions on this basis the ALJ did not ignore examination and treatment notes over a number of years as asserted by Plaintiff.  Rather, the ALJ discussed these notes at length but found that they did not support Ms. Sandoval's opinions regarding Plaintiff's impairments.  AR 17-20.  While Dr. Ketelhohn may have likewise used a "check the box" style form, he did provide some explanation on this form (AR 322, 326 & 327), and the ALJ also concluded that Dr. Ketelhohn's opinions, unlike those of Ms. Sandoval, were supported by and consistent with the record as a whole (AR 21).  Thus, the ALJ did not err in citing Ms. Sandoval's use of a "check the box" style form as a basis for assigning no weight to her opinions.

As for Ms. Sandoval's reliance on Plaintiff's subjective complaints, Plaintiff correctly notes that some degree of reliance is necessary in the field of psychology.  Nevertheless, the ALJ's conclusion that Plaintiff 's complaints were not entirely credible based on the medical evidence and Plaintiffs active and social lifestyle may be factored into his consideration of Ms. Sandoval's opinions to the extent that they are based on such complaints.  *See White, supra.*

Although Plaintiff asserts that there is no evidence to support the ALJ's finding that Ms. Sandoval "apparently relied quite heavily" on Plaintiff's subjective complaints of psychological limitations, Plaintiff does not cite any other evidence in the record that would support the limitations assessed by Ms. Sandoval.  To the contrary, the ALJ discussed Plaintiff's medical records from Spanish Peaks at length, and these records generally reflect that Plaintiff was well-oriented with clear speech and organized and coherent thought processes.  AR 17-20; 204-58 &

369-93.  Under these circumstances, the ALJ did not err in citing Ms. Sandoval's reliance on Plaintiff's subjective complaints as a basis for assigning no weight to her opinions.

Finally, Plaintiff argues that the ALJ erred in rejecting Ms. Sandoval's opinions on the basis that they lacked objective support of clinical findings.  First, Plaintiff notes that an opinion about mental impairments can be based on observed signs and symptoms.  In this case, however, there is an inconsistency between Plaintiff's treatment notes at Spanish Peaks and the mental impairments assessed by Ms. Sandoval.  *Compare* AR 17-20 *with* AR 410-12.  Plaintiff also argues that the ALJ should have re-contacted Ms. Sandoval for additional evidence and/or clarification to satisfy his concerns about a lack of objective support or clinical findings.  An ALJ's duty to re-contact a treating source, however, is triggered when the ALJ cannot ascertain the basis for the opinion, SSR 96-5P, 1996 WL 374183 at *6, which does not appear to be the case since the ALJ had the benefit of Plaintiff's treatment records from Spanish Peaks.

For these reasons, I conclude that Plaintiff's arguments are without merit and that the ALJ did not err in giving no weight to Ms. Sandoval's opinions.

**F.  The ALJ' Treatment of Plaintiff's Moderate Mental Impairments**

Plaintiff argues that the ALJ failed to weigh or consider the supplemental opinion of Ms. Sandoval and Dr. McNabb that Plaintiff's moderate mental impairments were closer to marked in severity despite his recognition at the hearing that such an opinion could have significance. AR 36.  While the ALJ should have discussed this opinion in his decision, his failure to do so was no more than harmless error since this supplemental opinion suffered from the same defects as Ms. Sandoval and Dr. McNabb's initial assessment of Plaintiff's mental impairments. Specifically, this supplemental opinion was provided without any explanation or supporting

evidence and was inconsistent with Plaintiff's treatment notes from Spanish Peaks; her social and daily living activities; and Dr. Valette's examination findings.  Accordingly, I conclude that the ALJ did not commit reversible error in failing to discuss the supplemental opinion of Ms. Sandoval and Dr. McNabb.

## V.  Conclusion

Because the findings of the ALJ that Plaintiff challenges are supported by substantial evidence in the record and based on the correct legal standards as set forth above,  IT IS ORDERED that the Commissioner's decision is AFFIRMED .


Dated: July  _23_, 2012 in Denver, Colorado.


                                        BY THE COURT:


                                        ___s/Lewis T. Babcock_____
                                        LEWIS T. BABCOCK, JUDGE